

**FILED**
May 09, 2022 10:17 AM
SX-2021-CV-00360
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

RECOVERY FINANCE LIMITED,

Plaintiff,

v.

VIRGIN ISLANDS GOVERNMENT
HOSPITALS AND HEALTH FACILITIES
CORPORATION AND GOVERNOR
JUAN F. LUIS HOSPITAL and MEDICAL
CENTER,

Defendant.

Case No. SX-2021-CV-00360

2022 VI SUPER 51

## MEMORANDUM OPINION and ORDER

¶ 1     THIS MATTER comes before the Court on Defendant Virgin Islands Government Hospital and Health Facilities Corporation's ("VIGHHFC") Motion Requiring Joinder of an Indispensable Party, filed March 29, 2022. Plaintiff did not file a response. The arguments considered, the Court will grant the Motion.

## BACKGROUND

¶ 2     The Court will limit its recitation of background facts to those relevant to the disposition of this pending Motion. On or about December 30, 2019, the Governor Juan F. Luis Hospital ("JFL") and/or VIGHHFC, and Navigation Construction, LLC ("Navigation") entered into a Construction Contract ("Contract"), for the post hurricane reconstruction at JFL. *See* Complaint at ¶ 5 and Exhibit 1; Motion at 1.[1] On or about February 7, 2020, Navigation (as "Borrower") and Plaintiff Recovery Finance Limited (as "Lender") ("Recovery"), pursuant to a Loan Agreement between them, provided VIGHHFC and/or JFL with a Notice of Assignment and Acknowledgement ("Assignment") that required VIGHHFC and/or JFL to submit all payments due Navigation under the Contract to be wired to Recovery. Complaint at ¶ 7 and Exhibit 2. By its Complaint, Plaintiff claims that VIGHHFC and/or JFL agreed to make all payments due Navigation to Recovery and that payments made thereafter to Navigation were improper in violation of the Assignment in favor of Recovery. Complaint at ¶¶ 8-10.

---

[1] The Contract describes the work as remediation of mold from the Intensive Care Unit and Operating Rooms at JFL. Complaint, Exhibit 1, at 1.

*Recovery Finance Ltd. v. V.I. Gov't Hosps. & Health Facilities Corp.*     Case No. SX-2021-CV-00360
Memorandum Opinion and Order
Page 2 of 5

2022 VI SUPER 51

¶ 3     However, Defendant argues that the Assignment was not properly executed, and that Navigation told VIGHHFC and/or JFL that the paperwork had not been finalized and directed VIGHHFC and/or JFL to make payments to Navigation. *See* Motion at 1-2; *see also* Answer & Affirmative Defenses at ¶¶ 7, 10.

## LEGAL STANDARD

¶ 4     Virgin Islands Rule of Civil Procedure 19 addresses required joinder of parties and states in the relevant portion:

> (a) Persons Required to Be Joined if Feasible.
>     (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>         (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>         (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>             (i) as a practical matter impair or impede the person's ability to protect the interest; or
>             (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>     (2) Joinder by Court Order. If a person has not been joined as required, the court must order that person be made a party. A person who refused to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.[2]

¶ 5     In practice, "[t]he determination of whether a party must be joined to a lawsuit under Rule 19 hinges on whether one of three tests outlined in Rule 19 (a)(1)(A), (a)(1)(B)(i), or (a)(1)(B)(ii) can be met." *Arvidson v. Buchar*, No. ST-16-CV-410, 2018 WL 10613032, at *14 (V.I. Super. June 6, 2018). "Only one of the three tests must be fulfilled for a party to be deemed required." *Id.* "Once one of the grounds for joinder under Rule 19(a) has been established, the proper remedy is to order joinder." *Callwood v. Superior Court of the V.I.*, No. ST-09-CV-499, 2014 WL 7186900, at *2 (V.I. Super. Nov. 5, 2014) (citing *George v. George*, 59 V.I. 1092, 1099 (D.V.I. 2013); Fed. R. Civ. P. 19(a)(2)); *see also Marsh-Monsanto v. Clarenbach*, 66 V.I. 366, 387, 390 (V.I. 2017) (Swan, J., dissenting); *Cenni v. Estate Chocolate Hole Landowners Ass'n, Inc.*, No. ST-15-CV-383, 2016 WL 3981434, at *6 (V.I. Super. July 18, 2016); *Live Oak Banking Co. v. Princess Mill*

---

[2] The language of V.I. R. Civ. P. 19(a) mirrors the language of Fed. R. Civ. P. 19(a).

*Props., LLC*, Civil Action No. 2016-0070, 2021 WL 3889412, at *11 (D.V.I. Aug. 30, 2021) (ordered joinder when necessary party was absent). "If the absent party is found to be a required party. . . the Court then determines whether it has personal jurisdiction over the party proposed to be joined." *Arvidson*, 2018 WL 10613032, at *15.

¶ 6     As one court opined on the application of required joinder:

> By its very nature. Rule 19 (a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases. There is no precise formula for determining whether a particular non-party is [required for] an action. A determination of who is an indispensable party involves many considerations, and the decision must rest upon the facts of each particular case, the nature of the relief sought, and the nature and extent of a person's interest in the controversy. The pressing question for Rule 19 (a) assessments must be whether success in the litigation can afford the plaintiffs relief for which they have prayed. Accordingly, the "completeness" of relief must be analyzed within the relevant level of generality: the four corners of the complaint.

*Id.* (internal citations omitted) (internal quotation marks omitted).

¶ 7     Relevant to this matter, when considering if a non-party to the litigation is a required party under V.I. R. Civ. P. 19(a)(1)(B)(ii), the Court "balances the plaintiff['s] choice of forum against the policies of judicial economy and the fairness to other parties." *Id.* (quoting *Sindia Expedition, Inc. v. Wreck & Abandoned Vessel, known as "The Sindia,"* 895 F.2d 116, 122 (3d Cir. 1990)) (internal quotation marks and brackets omitted).

## DISCUSSION

¶ 8     In its Motion, Defendant VIGHHFC argues that Navigation is an indispensable party because in its absence "VIGHHFC would have a substantial risk of incurring double obligations" in light of the fact that "Navigation could demand payment after VIGHHFC has paid Recovery, because it could claim that there is no valid Assignment." Motion at 2. While Plaintiff did not oppose this Motion, the Court will still consider whether the proffered arguments meet the standard of V.I. R. Civ. P. 19 to require joinder.[3]

---

[3] "With respect to an unopposed motion to dismiss, 'a motion is not automatically granted simply because it is unopposed.'" *Lee v. Thomas*, No. ST-17-CV-321, 2018 WL 5255322, at *1 (V.I. Super. Oct. 19, 2018) (quoting *Ayala v. Lockheed Martin Corp.*, 67 V.I. 290, 303 (V.I. Super. 2017)). "In other words, even though a motion is unopposed, courts must still determine whether to grant it, especially when the decision is within the court's discretion." *Id.* (citing *In re: Alumina Dust Claims*, 67 V.I. 172, 187 (V.I. Super. Ct. 2017)).

¶ 9     The Court considers persuasive the case of *CWLC, LLC v. Mount Hawley, Ins. Co.*, 2022 U.S. Dist. Lexis 48580 (D. La. Mar. 17, 2022) [hereinafter "*Mount Hawley*"], which arose out of a first-party insurance dispute. In *Mount Hawley*, CWLC filed suit against its insurer, Mount Hawley, for failure to adequately pay on its casualty insurance claim for hurricane damage it had incurred. *Id.* at *1-2. During the pendency of the case, CWLC hired Target Solutions to do mitigation work pursuant to a service agreement that required all insurance proceeds be paid directly to Target Solutions. *Id.* at *2. CWLC's service agreement with Target Solutions included a forum selection clause upon which Target Solutions relied to initiate litigation against Mount Hawley and CWLC in Texas state court. *Id.* Mount Hawley argued that Target Solutions was a necessary party to CWLC's insurance claim litigation by virtue of the assignment of proceeds provision, seeking dismissal due to its absence as a party. *Id.* at 3. The *Mount Hawley* court held that "Target Solutions, as alleged assignee of plaintiff's coverage for mitigation work, is a necessary party to this breach of insurance contract case" in that "Mount Hawley is . . . exposed to a risk of conflicting or inconsistent obligations if litigation is allowed to proceed in both forums." *Id.* at *6-7. The court ordered the plaintiff to amend its complaint, limiting its claims to insurance coverage issues but not to include claims arising from CWLC's mitigation work contracted under the service agreement with Target Solutions. *Id.* at *9.

¶ 10    In the present case, Defendant VIGHHFC seeks an order requiring that Recovery join Navigation as a necessary party, arguing that the Court cannot accord complete relief between the existing parties in Navigation's absence. Similar to *Mounty Hawley*, in the absence of Navigation, Defendant VIGHHFC is potentially exposed to duplicative obligations. This possibility of duplicative obligations might arise in that, after the conclusion of the case, Navigation could present its demand on the original Contact with VIGHHFC, asserting its claim to payment on account based upon the invalidity of the Assignment. In this setting, the Court finds Navigation to be a required party as contemplated under V.I. R. Civ. P. 19(a)(1)(B)(ii) and therefore must be joined per V.I. R. Civ. P. 19(a)(2). *See Callwood*, 2014 WL 7186900, at *2-3.

¶ 11    The Court further notes that it has personal jurisdiction over Navigation. The Court takes judicial notice that Navigation is a U.S. Virgin Islands limited liability company. Search for Registered Entities, www.corporationsandtrademarks.vi.gov, (follow "Corporation Search" hyperlink; then search "Item Name or Number" for "Navigation Construction") (last visited April 28, 2022); 5 V.I.C. §§ 4901-4902.

*Recovery Finance Ltd. v. V.I. Gov't Hosps. & Health Facilities Corp.*   Case No. SX-2021-CV-00360
Memorandum Opinion and Order
Page 5 of 5

2022 VI SUPER 51

In light of the foregoing, it is hereby

ORDERED that Defendant Virgin Islands Government Hospital and Health Facilities Corporation's Motion Requiring Joinder of an Indispensable Party is **GRANTED**. It is further

ORDERED that **within 30 days**, Plaintiff Recovery Finance Limited shall, if feasible, join Navigation Construction, LLC as a party to the action.

DATED: May 6, 2022.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By:

Court Clerk Supervisor

**Distribution List:**

Alex M. Moskowitz, Esq.
Julie A. Beberman, Esq., AAG